**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 28, 2019[*]
Decided June 28, 2019

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 18-2120

| | |
|---|---|
| RAMON CLARK, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 15-CV-1318 |
| | |
| JODY REED, et al., | Colin S. Bruce, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Ramon Clark, an Illinois inmate, was working in his prison's bakery when an instructor, Jody Reed, found a latex glove under uncooked bread. Reed fired Clark. After Clark threatened to file a grievance for the firing, Reed brought disciplinary charges against Clark for the glove infraction. A lieutenant later advised Clark that he would not face discipline if he informed the lieutenant of other inmates' misconduct, but Clark declined and discipline about the glove followed. Clark now sues Reed for

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

firing him, which he says violated his right to equal protection under a class-of-one theory, and for disciplining him, which he says violated his right under the First Amendment to threaten to file a grievance. He also sues the lieutenant for violating the First Amendment by disciplining him in retaliation for refusing to be an informant. *See* 42 U.S.C. § 1983. The district court entered summary judgment for the defendants. Because Clark cannot succeed on his equal-protection claim in the employment context, and because it was not clearly established that he engaged in protected speech (thereby entitling the defendants to qualified immunity), we affirm.

Clark worked in the prison bakery at Illinois River Correctional Center. Baked goods from there are sent to state-supported schools, hospitals, and prisons. During a shift in October 2014, Clark was responsible for loading clean pans into a machine that filled them with dough. Reed noticed part of a latex glove on a pan under uncooked dough. This was the third time in about one month that a glove was found in a bread pan, and Reed had warned Clark and other workers to "keep watch." Reed fired Clark "to send a message." Clark responded by threatening to file a grievance "on this situation," and Reed replied, "you go on and file your grievance and then I'll do what I need to." Reed then issued Clark a disciplinary ticket for committing a health, smoking, or safety violation, disobeying a direct order, and breaking the law. Clark's grievance about his discharge came two days later.

At the warden's instruction, Lieutenant Brad Johnson investigated the glove incident, and Clark eventually was disciplined for it. Johnson was also investigating the production of alcohol in the bakery, and he promised to make the ticket "go away" if Clark became an informant in both investigations. Though not authorized to expunge disciplinary tickets, Johnson told Clark that he could help Clark avert punishment. Clark declined, denying that he had any information and saying that he did not want to "put himself at risk." Later, the prison's disciplinary committee found Clark guilty of the charged rule violations, put him on C grade status for a month (limiting his out-of-cell privileges), and transferred him to a unit where he could not have a job.

Clark filed this suit, stating three claims relevant to this appeal. First, he brings a "class-of-one" claim under the Equal Protection clause against Reed for firing him from the bakery without a rational basis. Second, Clark asserts that Reed violated the First Amendment right by disciplining him in retaliation for threatening to file a grievance. Third, he sues Johnson for violating the First Amendment by not shielding him from discipline because he refused to become an informant.

Reed and Johnson moved for summary judgment, and the district judge granted their motion. The district court first rejected Clark's class-of-one claim because *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591 (2008), forecloses such claims for public employees challenging employment decisions. Second, he ruled that Reed was entitled to qualified immunity on Clark's retaliation claim because it was not clearly established that a threat to file a grievance was protected speech. Finally, the judge ruled, even if a refusal to be an informant was protected speech, a jury could not find that Johnson violated the First Amendment because Johnson could not affect the disciplinary charge.

On appeal, Clark first challenges the district court's entry of summary judgment for Reed on the class-of-one claim. Such a claim ordinarily requires a plaintiff to show that a state actor intentionally treated him differently from others without a rational basis. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Clark argues that Reed's desire to "send a message" to inmates was not a rational basis for firing him, and, he contends, we have never in a precedential decision applied *Engquist* to the prison-employment context. The district judge, however, rightly concluded that Clark cannot succeed on his class-of-one claim. The Supreme Court has held that "the class-of-one theory of equal protection does not apply in the public employment context." *Engquist*, 553 U.S. at 598. That is because a class-of-one theory "presupposes that like individuals should be treated alike," but "[t]o treat employees differently is … simply to exercise the broad discretion that typically characterizes the employer-employee relationship." *Id.* at 605; *see also Katz-Crank v. Haskett*, 843 F.3d 641, 649 (7th Cir. 2016) ("[A] class-of-one claim cannot be used to challenge *discretionary* governmental action…."). This rationale, which covers civilians in public employment, applies with at least as much force in the prisoner-employment context, because courts defer to the discretion of prison officials to operate their institutions. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015).

Clark next argues that the court erroneously rejected his First Amendment claim against Reed. To succeed on this claim, Clark needed to put forth evidence from which a jury could conclude that Reed punished him because of his protected speech. *See Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019). Clark asserts that, because oral grievances are protected, his oral *threat* to file a grievance was protected, too. We agree with Reed and the district judge, though, that qualified immunity covers this claim. Qualified immunity insulates government officials from suits for damages when their conduct did not violate specifically defined federal rights that were clearly established at the time of the alleged violation. *See City of Escondido v. Emmons*, 139 S. Ct. 500, 503 (2019); *Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015). It is Clark's burden to overcome this

defense. *See Lovett v. Herbert*, 907 F.3d 986, 991 (7th Cir. 2018). Even if an oral grievance is protected speech, *see Pearson v. Welborn*, 471 F.3d 732, 741 (7th Cir. 2006), Clark has not shown that a threat to file a grievance was protected. To the contrary, "it seems implausible that a *threat* to file a grievance would itself constitute a First Amendment-protected grievance." *Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009) (emphasis in original). Though at least one other circuit has since concluded otherwise, *see Watson v. Rozum*, 834 F.3d 417, 422–23 (3d Cir. 2016), the right was not clearly established in 2014, when Clark made his threat.

It was also not clearly established that Clark's refusal to be an informant, which Clark contends led Johnson to allow the discipline, was protected speech. Truthful speech may be protected, *see Bridges*, 557 F.3d at 551–52, but Clark's rebuff was different from truthful speech. Rather, he refused to cooperate in an investigation, rejecting Johnson's request that he say what he has heard from others, partly because he did not want to "risk" the consequences. Yet prisons may punish inmates for declining to participate in investigations through polygraph exams, even when they assert a right against self-incrimination. *See Riggins v. Walter*, 279 F.3d 422, 431 (7th Cir. 1995). Thus, Clark's refusal to cooperate might not be protected. This ambiguity entitles Johnson to qualified immunity. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

The district court's judgment is AFFIRMED.